UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TOM S. NGUYEN d/b/a CLAY NAILS, | ) Civil Action No.:1:22-cv-1873 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| as subrogee of TOM S. NGUYEN d/b/a CLAY NAILS, | ) |
| NAIL MAXX PRODUCTS, INC., | ) |
| and DAISY NAIL PRODUCTS, INC. | ) |
| | ) |
| Defendants. | ) |

## UNITED SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Specialty Insurance Company, by counsel, for its Complaint for Declaratory Judgment against Defendants Tom Nguyen d/b/a Clay Nails, State Farm Fire and Casualty Company as subrogee of Tom S. Nguyen d/b/a Clay Nails, Nail Maxx Products, Inc., and Daisy Nail Products, Inc. states as follows:

## JURISDICTION AND VENUE

1. This is a civil action for declaratory and other relief brought pursuant to the provisions of 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine a controversy between Plaintiff United Specialty Insurance Company ("United Specialty") and Defendants Tom Nguyen d/b/a Clay Nails, State Farm Fire and Casualty Company as subrogee of Tom S. Nguyen, d/b/a Clay Nails, Nail Maxx Products, Inc., and Daisy Nail Products, Inc. arising out of an insurance contract.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, as set out more fully

in this Complaint, without interest and costs exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Defendant Tom Nguyen d/b/a Clay Nails as he is an Indiana resident operating Clay Nails within the district, and Defendants State Farm Property & Casualty Company, Nail Maxx Products, Inc., and Daisy Nails Products, Inc. conduct business in the district and otherwise have purposefully availed themselves to this jurisdiction.

## PARTIES

4.      Plaintiff, United Specialty Insurance Company ("United Specialty"), is a foreign surplus lines insurer pursuant to Indiana's Surplus Lines Law.  United Specialty is incorporated under the laws of the State of Delaware and has its principal place of business in Texas.  United Specialty is therefore a citizen of the State of Texas pursuant to 28 U.S.C. § 1332(c)(1).

5.      Defendant Tom Nguyen is an individual domiciled in and a citizen of the State of Indiana.  He is a sole proprietor who operates Clay Nails, a nail salon located at 12534 North Gray Road, Carmel, Hamilton County, Indiana 46033. Nguyen and Clay Nails are hereinafter collectively referred to as "Clay Nails."  Clay Nails is therefore a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(c)(1).

6.      Defendant State Farm Fire & Casualty Company ("State Farm") is an Illinois corporation which is licensed to issue insurance policies and otherwise conduct business in the state of Indiana.  State Farm is therefore a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

2

7.     Nail Maxx Products, Inc. ("Nail Maxx") is a California corporation with its principal place of business located at 1234 South Magnolia Avenue, Anaheim, California. Nail Maxx has distributed and/or sold products in Indiana and throughout the United States, and has otherwise transacted business in Indiana. Nail Maxx is therefore a citizen of the State of California pursuant to 28 U.S.C. § 1332(c)(1). Nail Maxx is named in this lawsuit to answer to its interests and to be bound by the declaratory judgment.

8.     Daisy Nail Products, Inc. ("Daisy Nail") is a California corporation with its principal place of business located 3335 East La Palma Avenue, Anaheim, California. Daisy Nail has distributed and/or sold products in Indiana and throughout the United States, and has otherwise transacted business in Indiana. Daisy Nail is therefore a citizen of the State of California pursuant to 28 U.S.C. § 1332(c)(1).

## BACKGROUND

9.     State Farm issued a policy of insurance to Clay Nails which provided coverage for property damage and other related expenses stemming from risks to property, such as fire.

10.     On June 7, 2019, a fire occurred at Clay Nails which damaged the premises ("the Fire"). Investigation into the Fire revealed the origin of the fire to be a DND Cordless Rechargeable LED/UV lamp ("the Lamp") that Daisy Nail allegedly manufactured and distributed to Nail Maxx which in turn sold it to Clay Nails.

## THE UNDERLYING LAWSUITS

11.     On or about May 28, 2021, Clay Nails brought suit against Daisy Nail and Nail Maxx in Federal District Court, Southern District of Indiana under cause number 1:21-cv-1430-

3

TWP-MJD ("the Clay Nails Lawsuit").  A copy of the Clay Nails Lawsuit is attached hereto as **Exhibit 1**.

12.     Count I of the Clay Nails Lawsuit alleged negligence against Daisy Nail and Nail Maxx.  Count II of the Clay Nails Lawsuit alleged strict products liability against Daisy Nail.  Count III of the Clay Nails Lawsuit alleged breach of an implied warranty of merchantability against Daisy Nail.  The Clay Nails Lawsuit sought damages incurred due to the Fire and not paid by Clay Nails property insurer, State Farm.  The Clay Nails Lawsuit alleged uninsured damages in excess of  $400,000.

13.     On or about June 2, 2021, State Farm filed suit against Daisy Nail and Nail Maxx in United States District Court, Southern District of Indiana under cause no. 1:21-cv-01458-TWP-MG ("State Farm Lawsuit").

14.     A  copy of the State Farm Lawsuit is attached hereto as **Exhibit 2**.  The Clay Nails Lawsuit and the State Farm Lawsuit are hereinafter collectively referred to "the Underlying Lawsuits").

15.     Count I of the State Farm Lawsuit alleges negligence on the part of Daisy Nail.  Count II of the State Farm Lawsuit alleges negligence on the part of Nail Maxx.  Count II of the State Farm Lawsuit alleges strict product liability on the part of Daisy Nail.  Count IV of the State Farm  Lawsuit alleges breach of the implied warranty of merchantability on the part of Daisy Nail.  The State Farm Lawsuit sought reimbursement from Defendants due to $425,749.62 paid by State Farm to Clay Nails due to the Fire.

## <u>THE UNITED SPECIALTY POLICY</u>

16.     United Specialty issued Commercial Lines Policy to Daisy Nail, policy no.

4229726, with a policy period of July 25, 2018 to July 25, 2019 ("the United Specialty Policy").

A copy of the United Specialty Policy is attached hereto as **Exhibit 3**.

17.     The United Specialty Policy's Common Declarations list Daisy Nail's business

description as "Nail Polish/Gel Mfg." and states specifically:

## United Specialty Insurance Company
**550 Polaris Parkway, Suite 300**
**Westerville, Ohio 43082**
**614-895-2000**
**www.centurysurety.com**
## COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS

POLICY NO.: USA 4229726                              New
NAMED INSURED AND ADDRESS:              CODE NO. .: 5718A
Daisy Nail Products, inc.                           INSUREDS AGENT:
3335 E. La Palma Avenue                             Hung Nguyen Insurance Agency, Inc.
                                                    10022 Imperial Ave
Anaheim CA 92806                                    Suite H
                                                    Garden Grove CA 92843

---

POLICY PERIOD: From:07-25-2018 To:07-25-2019 at 12:01 A.M. Standard time at your mailing address
shown above.
Business Description: Nail Polish/Gel Mfg.
O Individual O Joint Venture O Partnership          O Limited Liability Company (LLC) x Organization (Other
than Partnership, LLC or Joint Venture)

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF
THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS
POLICY.**
**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM
IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

|  |  | **PREMIUM** |
|---|---|---|
| Commercial General Liability Coverage Part |  | $15,677.00 |
| Commercial Property Coverage Part |  | $15,708.00 |
| Inspection Fee (Fully Earned - Carrier Ordered) |  | $250 |
| 25 % of the Policy Premium is fully earned as of the effective | TOTAL | $31,635.00 |

date of this policy and is not subject to return or refund.
Service of Suit (if form CCP 20 10 is attached) may be made upon:

Worldwide Facilities, LLC
The Ernst & Young Building 725 S. Figueroa Street, 19th Floor Los Angeles CA 90017

Form(s) and Endorsement(s) made a part of this policy at time of issue*:

\* Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

See Attached Schedule of Forms, CIL 15 OOb 02 02

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing false or deceptive statement is guilty of insurance fraud.

C0MPANY REPRESENTATIVE:
Worldwide Facilities, LLC
The Ernst & Young Building                              Countersigned By_____
725 S. Figueroa Street, 19th Floor                                     Authorized Representative
Los Angeles       CA 90017

                                                           08/17/2018        TDS

**IN WITNESS WHEREOF**, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly Authorized Agent of this Company at the Agency hereinbefore mentioned.

    18.    The United Specialty Policy's Commercial General Liability Coverage Part

Declarations states as follows:

**United Specialty Insurance Company**
**COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**

    **Policy No**:  USA 4229726

                                               **Effective Date**: 07/25/2018
                                               **12:01 A.M. Standard Time**

        **NAMED INSURED**: Daisy Nail Products, Inc.

| LIMITS OF INSURANCE: | | |
|---|---|---|
| General Aggregate Limit (Other than Product-Completed Operations) | $ | 2,000,000 |
| Products-Completed Operations Aggregate Limit. | $ | 1,000,000 |
| Personal and Advertising Injury Limit. | $ | 1,000,000 |
| Each Occurrence Limit. | $ | 1,000,000 |
| Damage to Premises Rented to You | $ | 100,000        Any one fire/ |

| | | | | | | Occurrence |
|---|---|---|---|---|---|---|
| Medical Expense Limit | | | | $ | 5,000 | Any one Person |

**RETROACTIVE DATE: (CG 00 02, CGL 0002, CGL 1551 or CGL 1553)**
Coverage A and B of this insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", "personal injury" or "advertising injury" which occurs before the retroactive date shown here: N/A

**DEDUCTIBLE:** Per Claim
$ 500    Bodily Injury Liability & Property Damage
(this deductible also applies to Personal and Advertising Injury Liability.)

Deductible also applies to Supplementary Payments - Coverages A and B;
Defense Expenses Coverages A and B (form CGL 0002 only)          X Yes          No

**LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY:**
3335 E. La Palma Ave.
Anahaim, CA 92806

| PREMIUM | | | | RATE | | ADVANCED PREMIUM | |
|---|---|---|---|---|---|---|---|
| St/Terr | Code | Classification | Prem. Basis | Prem. Ops | Pr/Co | Pr/Co | All Other |
| CA  006 | 51970 | Cosmetics Mfg. | s) 7,248,486 | 0.939 | 1.210 $ | 8,771 $ | 6,806 |
| | 49950 | Additional Insured - Managers or Lessors of Premises - (Fully Earned) | | | | $ | 100 |
| | 44444 | Waiver of Transfer of Rights of Recovery Against Others to Us - (Fully Earned) | | | | $ | 0 |

Audit period is Annual Unless Otherwise stated

| | | |
|---|---|---|
| Total Advance Premium | $ | 15,677 |
| TRIA Coverage | $ | 0 |
| Minimum Premium for This Coverage Part | $ | 15,677 |

FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere in the policy): Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue:
See Attached Schedule of Forms, CIL 15 00B 02 02

*Inclusion of Date Optional

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE
NAME OF THIS INSURED AND THE POLICY PERIOD

19.      The Commercial General Liability Coverage Form of the United Specialty Policy

contains the following grant of coverage:

## SECTION I – COVERAGES

## COVERAGE A - BODILY INJURY AND PROPERTY
## DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place, in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed

under Paragraph 1. of Section **II** -Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

20. The United Specialty Policy contains the following endorsement listed on the United Specialty Policy's Schedule of Forms and Endorsements as Form CGL 17349 06 11:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**LIMITATION OF COVERAGE TO SPECIFIED PRODUCTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The coverage for the "products-completed operations hazard", provided by this insurance, for bodily injury" and "property damage" with respect to:

a. handling;
b. use;

9

c. existence of any condition in;
d. manufacture;
e. sale; or
f. distribution,

applies to the products scheduled below:

**SCHEDULE**

| Product Description | Brand or Trade Name |
|---|---|
| Nail Polish and Gel | |

In the event of a change in the products scheduled above, including:

a. A change in design or formulation; or
b. A change in labeling; or
c. A request for additional products during the period of this policy;

you agree to submit a description of such changes in the design or formulation, changes in the labeling or a description of any additional products and a list of ingredients of such additional products.

All other terms and conditions of the policy remain unchanged.

21.   The United Specialty Policy contains the following definition:

"Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

b.

(1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned. However, your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.
(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
(c) When that part of the work done at a job site has been put to its intended use by any person or organization

other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   c.  Does not include "bodily injury" or "property damage" arising out of:

     (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

     (2) The existence of tools, abandoned uninstalled equipment or abandoned or unused materials; or

     (3) Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

22.    The United Specialty Policy also contains the following endorsement listed on the United Specialty Policy Schedule of Forms and Endorsements as Form CGL 1711b 12 17:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CLASSIFICATION LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A.  The following is added to Section **I** - Coverages, Coverage **A** - Bodily Injury and Property Damage Liability, paragraph **1.**, Insuring Agreement, sub - paragraph **b.**

The "bodily injury" or "property damage" coverage under this insurance is strictly limited to the classification(s), and code(s), listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.

B. The following is added to Section **I** - Coverages, Coverage **B** - Personal and Advertising Injury Liability, paragraph **1**., Insuring Agreement, sub-paragraph **b.**

The "personal and advertising injury" coverage under this insurance is strictly limited to the classification(s), and code(s), listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.

Coverage for "bodily injury", "property damage", "personal and advertising injury" or medical payments is provided only for operations that are included within the classification codes shown on the Commercial General Liability Declarations, its endorsements or supplements. However, no coverage is provided for any operations that are included within the classification code 49950.

This limitation does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical expenses resulting from necessary and incidental operations that are directly related to the operations shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.

C. Paragraph 3. of Section II - Who is an Insured, is deleted in its entirety and is not replaced.

All other terms and conditions of this policy remain unchanged.

## COUNT I – LIMITATION OF COVERAGE TO SPECIFIED PRODUCTS ENDORSEMENT

23.     United Specialty incorporates its allegations in paragraphs 1 through 22 as if fully set forth herein.

24.     The Underlying Lawsuits allege property damage sustained due to the Lamp allegedly designed, manufactured, assembled, tested , inspected, distributed, and/or marketed by Daisy Nail.

25.     The United Specialty Policy limits products-completed operations liability coverage to the products of nail polish and gel.

26.     The Lamp which allegedly caused the Fire was neither nail polish nor gel.

27.     The Lamp which allegedly caused the Fire was included in the products completed operation hazard as defined in the United Specialty Policy.

28.     There is no coverage for the Underlying Lawsuits pursuant to the "Limitation of Coverage to Specified Products" endorsement of the United Specialty Policy.

29.     United Specialty seeks a declaration it does not owe a duty to defend or indemnify Daisy Nail in the Underlying Lawsuits, pursuant to the "Limitation of Coverage to Specified Products" endorsement of the United Specialty Policy.

## COUNT II – CLASIFICATION LIMITATION ENDORSEMENT

30.     United Specialty incorporates its allegations in paragraphs 1 through 29  as if fully set forth herein.

31.     The Underlying Lawsuits allege property damage sustained due to the Lamp allegedly designed, manufactured, assembled, tested , inspected, distributed, and/or marketed by Daisy Nail.

32.     The United Policy covers property damage only for operations that are included within the classification code in the Declarations which is cosmetics manufacturing.

33.     The Lamp which allegedly caused the Fire does not fall under the classification of cosmetics manufacturing, and property damage caused by the Fire did not result from necessary and incidental operations directly related to cosmetics manufacturing.

34.     To the extent that Daisy Nail's alleged manufacture and sale of the Lamp is not included in the products completed operations hazard, there is no coverage for the Underlying Lawsuits pursuant to the "Classification Limitation Endorsement" of the United Specialty Policy.

35.     United Specialty seeks a declaration it does not owe a duty to defend or indemnify Daisy Nail in the Underlying Lawsuits pursuant to the "Classification Limitation Endorsement" of the United Specialty Policy.

## COUNT III – OTHER TERMS

36.     United Specialty incorporates its allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.     United Specialty seeks a judicial declaration that there is no coverage under the United Specialty Policy for the Underlying Lawsuits under any other terms, conditions, exclusions, limitations, and endorsements of the United Specialty Policy that may apply.

38.     United Specialty seeks a declaration it does not owe a duty to defend or indemnify Daisy Nail in the Underlying Lawsuits under any other terms, conditions, exclusions, limitations, and endorsements of the United Specialty Policy that may apply.

WHEREFORE, Plaintiff, United Specialty Insurance Company, by counsel, requests that the Court issue a judgment determining and declaring:

a.   There is no coverage under the United Specialty Policy for any claims against Daisy Nail Products, Inc. arising out of the allegations in the Underlying Lawsuits.

b.   United Specialty is relieved from any duty to defend or indemnify Daisy Nail Products, Inc. for the claims asserted against it in the Underlying Lawsuits; and

c.   all other appropriate relief.

14

Respectfully submitted,

*/s/ James P. Strenski*
James P. Strenski          #18186-53
Anna M. Mallon            #23693-49
Bailey C. Coultrap         #34549-49
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Phone: (317) 550-1855
Fax: (317) 569-6016
Email: jstrenski@paganelligroup.com
          amallon@paganelligroup.com
          bcoultrap@paganelligroup.com


*Attorneys for Plaintiff,*
*United Specialty Insurance Company.*